UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEFAN MOISIUC, *et al*, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:18-CV-383 |
| ARGENT MORTGAGE COMPANY LLC, *et al*, | § § § | |
| Defendants. | | |

## **ORDER**

Before the Court are Defendants' Motion for Judgment on the Pleadings (Doc. #19), Plaintiffs' Response (Doc. #27), Defendants' Motion to Dismiss (Doc. #22) (together with Doc. #19, the "Motions"), Plaintiffs' Response (Doc. #29), and Defendants' Reply (Doc. #33). Having reviewed the parties' arguments and applicable legal authority, the Court grants the Motions.

**I.    Background**

This is a mortgage foreclosure dispute. On July 8, 2004, Plaintiffs executed an Adjustable Rate Note (the "Note") and Deed of Trust with Argent Mortgage Company, LLC ("Argent"). *See* Doc. #22, Ex. A and Doc. #11, Ex. 1, respectively.[1] Subsequently, on October 15, 2012, the Note

---

[1] The Court may consider the copy of the Note attached to the Motions under a Federal Rule of Civil Procedure 12 analysis because the Note is central to Plaintiffs' claims concerning mortgage loan documents, and Plaintiffs do not contest the authenticity of the copy. *See, e.g.*, Doc. #11 at ¶ 12 ("The Note and Deed of Trust together are henceforth the 'Loan' or 'Loan Documents'"); *Kane Enterprises v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003) ("the court may review the documents attached to the motion to dismiss . . . , where the complaint refers to the documents and they are central to the claim.").

and Deed of Trust were assigned (the "Assignment") from Argent to Wells Fargo Bank, N.A. ("Wells Fargo")—though Plaintiffs allege that the Assignment is a forgery. *See* Doc. #11, Ex. 7; *id.* at ¶ 33.

Specifically, Plaintiffs allege that Tanyia Hill, the "purported" signatory of the Assignment, did not sign or affix her signature to the Assignment and that the signature above her signature block was "signed or affixed by someone else [without] the knowledge or authority of Tanyia Hill." *Id.* at ¶ 33. In support of their forgery allegation, Plaintiffs urge the Court to visually compare "numerous differing notarized signatures of Tanyia Hill." *Id.* at ¶ 34; Doc. #11, Ex. 8.[2]

In response to an attempt to foreclose by Wells Fargo and Specialized Loan Servicing, LLC, Plaintiffs assert four (4) claims based on the alleged forgery:

- Quiet Title;
- Violation of Section 12.002 of the Texas Civil Practice and Remedies Code;
- Violation of the Texas Debt Collection Act (Tex. Fin. Code Ann. §§ 392.301, *et seq.* (West Supp. 2019)); and
- Violation of the Texas Deceptive Trade Practices Act (Tex. Fin. Code Ann. § 392.404).

*Id.* at ¶¶ 55–61 and 72–94. Additionally, Plaintiffs seek a declaration under Texas and federal law concerning the legal effect of the alleged forgery on "Plaintiffs' and Defendants' rights and duties in connection with" the Note and Deed of Trust. *Id.* at ¶¶ 47–54.

---

[2] In response to Plaintiffs' Combined Motion for Leave to Conduct Targeted Discovery on Plaintiffs' Forgery Claim (Doc. #13), the Court held a telephonic hearing on April 20, 2018, wherein the Court permitted Plaintiffs to conduct limited discovery regarding the employment history of Tanyia Hill and any knowledge she might have had about the Assignment. Subsequently, the Court held that Bank of America, N.A.—Hill's former employer—complied with the Court's April 20, 2018 discovery instructions. *See* Doc. #42. Notably, following the limited discovery regarding the alleged forgery, Plaintiffs never sought leave to amend their First Amended Complaint or otherwise notified the Court of any additional facts supporting their forgery allegations.

Separately, Plaintiffs assert that Wells Fargo violated Section 1641(g) of the Truth in Lending Act (15 U.S.C. §§ 1601, *et seq.*) by failing to notify Plaintiffs when the Note and Deed of Trust were assigned. *Id.* at ¶¶ 35–46. Finally, Plaintiffs also assert a promissory estoppel claim based on an oral conversation that occurred in September 2011 regarding the modification of "certain material terms" of the Note and Deed of Trust. *Id.* at ¶¶ 62–71. According to Plaintiffs, Bank of America, N.A. ("Bank of America") had orally promised Plaintiffs that it would modify the terms of the Note and Deed of Trust if Plaintiffs submitted certain documents. *Id.* Plaintiffs allege that they submitted those documents by November 9, 2011, but Bank of America never made the modifications. *Id.*

Now, through the Motions, Defendants move to dismiss Plaintiffs' claims under Federal Rules of Civil Procedure 12(b)(6) and 12(c). "A Rule 12(c) motion may dispose of a case when there are no disputed material facts and the court can render a judgment on the merits based on the substance of the pleadings and any judicially noticed facts." *Linicomn v. Hill*, 902 F.3d 529, 533 (5th Cir. 2018) (internal citation omitted). It is unclear from the parties' briefing whether there are disputed facts. Accordingly, out of an abundance of caution, the Court will proceed by analyzing Plaintiffs' claims under the 12(b)(6) standard.

II. **Legal Standard**

   a. **Federal Rule of Civil Procedure 12(b)(6)**

To survive a Rule 12(b)(6) motion to dismiss, a complaint need only allege facts sufficient to state a claim for relief that is plausible on its face and need not contain detailed factual allegations. *Littell v. Houston Indep. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged. Significantly, a complaint may proceed even if recovery is very remote and unlikely, so long as the alleged facts raise a right to relief above the speculative level." *Id.* (internal citations omitted). "Dismissal under Rule 12(b)(6) based on statute of limitations is proper only where it is evident from the complaint that the action is barred and the complaint fails to raise some basis for tolling. It is well established that the limitations period runs from the moment a plaintiff's claim accrues." *United States v. Luminant Generation Co., L.L.C.*, 905 F.3d 874, 880 (5th Cir. 2018) (internal citations omitted).

### b. Forgery and Federal Rule of Civil Procedure 9(b)

Applying Texas law, the Fifth Circuit has held that "a document is forged if it is signed by one who purports to act as another." *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 360 (5th Cir. 2017) (citing *Vazquez v. Deutsche Bank Nat. Tr. Co., N.A.*, 441 S.W.3d 783, 787–88 (Tex. App.—Houston [1st Dist.] 2014, no pet.)). However, the allegation of forgery must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *Id.* (holding that a forgery allegation was insufficiently pleaded when its only support came from an exhibit visually comparing signatures). Rule 9(b) "requires that [Plaintiff] state with particularity the circumstances constituting the fraud. Put simply, Rule 9(b) requires the who, what, when, where, and how to be laid out." *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (internal citations omitted).

### c. Statute of Limitations

"Claims [asserted] under § 1641(g) [of the Truth in Lending Act] are subject to a one year statute of limitations which runs from the end of the 30 days period after the date of an assignment." *Benitez v. Am.'s Wholesale Lender*, CIV.A. No. H-14-953, 2014 WL 3388650, at

*2 (S.D. Tex. July 9, 2014) (citing 15 U.S.C. § 1640(e)); *see also Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 186 (S.D. Tex. 2007), *aff'd*, 269 Fed. Appx. 523 (5th Cir. 2008).

Under Texas law, "the statute of limitations for promissory estoppel claims is four years. *Hunton v. Guardian Life Ins. Co. of Am.*, 243 F. Supp. 2d 686, 713 n.46 (S.D. Tex. 2002), *aff'd*, 71 Fed. Appx. 441 (5th Cir. 2003). Furthermore, "the latest a cause of action for promissory estoppel could accrue is when the promisor breaches his promise." *Id.*

### III. Analysis

#### a. Plaintiffs' forgery allegations fail to meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b).

As the only support for their allegation that the Assignment was not signed by Tanyia Hill (or by someone with the knowledge or authority of Hill), Plaintiffs point the Court to exhibits with "numerous differing notarized signatures of Tanyia Hill." Doc. #11 at ¶ 34. Additionally, Plaintiffs lay out general answers to "the who, what, when, where, and how" requirements of Rule 9(b). Doc. #29 at 10–11. However, after considering almost identical forgery allegations, the Fifth Circuit held that the allegations were insufficient under Federal Rule 9(b)'s heightened pleading standard. *Bynane*, 866 F.3d at 360 (Plaintiff's "conclusory allegation that Johnson's signature was forged [because it looks different than her signature on an unrelated assignment] fails to meet the heightened pleading standard" because it lacks any facts relating to who perpetrated the alleged forgery or how, when, and where the alleged forgery was executed). Similarly, here, Plaintiffs fail to plead any particular facts relating to the who, what, when, where, and how of the alleged forgery. As a result (and as the Fifth Circuit held in *Bynane*), Plaintiffs lack standing to assert their claims based on forgery allegations, including their quiet title, Section 12.002, Texas Debt Collection Act, and Texas Deceptive Trade Practices Act claims and their request for a declaration of legal rights. Doc. #11 at ¶¶ 47–61 and 72–94.

Plaintiffs have had ample time—over 13 months—to state plausible forgery allegations with some particularity. After the action was removed to this Court, Plaintiff had an opportunity to bolster their allegations when they amended their Original Complaint. *See* Doc. #11. In fact, the Court permitted discovery limited to the allegations, but even then, Plaintiffs never sought leave to amend their First Amended Complaint or otherwise notified the Court of any additional facts supporting their forgery allegations. It is evident that Plaintiffs have no basis to assert their forgery claims.

Accordingly, because Plaintiffs have failed to allege facts supporting their forgery allegations sufficient to state claims for relief that are plausible on their face and have failed to state with particularity the circumstances surrounding the alleged forgery, the Court grants the Motions as to Plaintiffs' quiet title, Section 12.002, Texas Debt Collection Act, and Texas Deceptive Trade Practices Act claims and their request for a declaration of rights.

### b. Plaintiffs' claims asserted under Section 1641(g) of the Truth in Lending Act are time-barred.

Claims asserted under Section 1641(g) are in effect subject to a 13-month statute of limitations. *Benitez*, 2014 WL 3388650, at *2. Here, according to Plaintiffs' own exhibit, the Assignment occurred on October 15, 2012. *See* Doc. #11, Ex. 7. Therefore, Plaintiffs had until November 15, 2013, to assert their Section 1641(g) claim. However, Plaintiffs first asserted the claim on March 29, 2018, in their First Amended Complaint. *See* Doc. #11. Accordingly, because Plaintiffs' Section 1641(g) claims are time-barred, the Court grants the Motions as to Plaintiffs' Section 1641(g) claims.[3]

---

[3] Although Plaintiffs argue that the discovery rule should toll the limitations period for their Section 1641(g) claims, Plaintiffs have not pointed the Court to any controlling authority regarding the rule's applicability to a Section 1641(g) claim. Additionally, Plaintiffs have failed to plead sufficient facts supporting a fraudulent concealment theory that might toll the limitations period for Plaintiffs' Section 1641(g) claims in this case.

### c. Plaintiffs' promissory estoppel claims are time-barred.

Promissory estoppel claims are subject to a four-year statute of limitations under Texas law. *Hunton*, 243 F. Supp. 2d at 713 n.46 ("the latest a cause of action for promissory estoppel could accrue is when the promisor breaches his promise."). Here, Plaintiffs allege that Bank of America made an oral promise to modify certain material terms of the Note and Deed of Trust in September 2011 if Plaintiffs submitted certain documents. Doc. #11 at ¶¶ 62–71. Plaintiffs allege that they submitted those documents by November 9, 2011. *Id.* If true, then certainly by the end of 2012 (*i.e.*, more than a year later), Plaintiffs were aware that Bank of America had breached its alleged promise by not modifying the terms. That gave Plaintiffs until the end of 2016 to assert a promissory estoppel claim. However, Plaintiffs did not assert such claims until March 29, 2018, in their First Amended Complaint. *Id.* Accordingly, because Plaintiffs' promissory estoppel claims are time-barred, the Court grants the Motions as to Plaintiffs' promissory estoppel claims.

### IV. Conclusion

For the foregoing reasons, the Motions are hereby GRANTED under Federal Rule of Civil Procedure 12(b)(6), and Plaintiffs' claims are DISMISSED.

It is so ORDERED.

**MAR 2 5 2019**

Date

The Honorable Alfred H. Bennett
United States District Judge